**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

DOCKETED
JUN 0 1 2004

| | | |
|---|---|---|
| NICHOLAS ANDERSON, | ) | |
| | ) | Case no. |
| Plaintiff, | ) | |
| | ) | **JUDGE GETTLEMAN** |
| v. | ) | |
| | ) | MAGISTRATE JUDGE BOBRICK |
| GOLF MILL FORD, INC., and | ) | JURY DEMAND |
| HOUSEHOLD AUTOMOTIVE FINANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**04C 3730**

FILED-ED4
04 MAY 28 PM 4:41
CLERK
U.S. DISTRICT COURT

## <u>COMPLAINT</u>

Plaintiff, NICHOLAS ANDERSON, by and through his attorneys, THE LANGONE LAW

FIRM, complains against Defendants, GOLF MILL FORD, INC., and HOUSEHOLD

AUTOMOTIVE FINANCE CORPORATION and seeks redress for Defendants' violations of the

Equal Credit Opportunity Act ("ECOA"), Fair Credit Reporting Act ("FCRA"), and the Illinois

Consumer Fraud and Deceptive Business Practices Act ("CFA").

### *Jurisdiction and Venue*

1.    Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's

claim arises under the Equal Credit Opportunity Act and Fair Credit Reporting Act. Supplemental

jurisdiction arises in regard to the state law claim under 28 U.S.C. § 1367(a).

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the acts that

gave rise to this cause of action occurred, in substantial part, in this district.

### *Parties*

3.    Plaintiff is a consumer who resides in this district and demands a trial by jury.

4.     Defendants, Golf Mill Ford, Inc., ("Golf Mill Ford"), and Household Automotive Finance Corporation, ("Household"), are corporations doing business in this district. At all times relevant to the events alleged in the Complaint, Defendants were engaged in trade or commerce within the State of Illinois that affects the consumers of the State of Illinois.

### *Factual Allegations*

5.     On April 21, 2003, Plaintiff went to Golf Mill Ford to purchase a vehicle.

6.     Plaintiff was assisted by Defendant's salesman Eric Yugar, and he selected a 2001 GMC Jimmy with approximately 36,600 miles on it.

7.     After Plaintiff traded in his 1997 Volkswagen Jetta, the cash price on the Jimmy, including all documentation fees, came to $19,356.87.

8.     Plaintiff then signed a Retail Installment Contract, ("RIC"), and consummated a consumer credit transaction under the Truth in Lending Act with Defendant, with an amount financed of $19,356.87.

9.     Under this RIC, Plaintiff was to make 60 monthly payments of $463.04. The Annual Percentage Rate stated on the contract was 14.99%.

10.     After having been assured by agents of Defendant that he had been financed on these terms, Plaintiff left the dealership with the Jimmy.

11.     Sometime prior to June 5, 2003, Plaintiff received his first billing statement from Household. The monthly payment on this bill was $489.34, not the $463.04 that Plaintiff had originally contracted for.

12.     At that time, Plaintiff did not review his contract, and did not notice the approximately $26.00 difference between the monthly payment stated on the contract and the monthly payment

demanded by Household. He made the June 2003 monthly payment, and several subsequent payments.

13.     On or about October 10, 2003, Plaintiff went to Labe Bank to talk to a loan officer about refinancing his car loan. The loan officer alerted Plaintiff to the fact that his $489.34 monthly payment did not match up to the $463.04 payment stated on the RIC.

14.     Plaintiff then contacted Household to inquire about this discrepancy. After he explained the situation to a customer service representative, the representative told him that the information he was giving Household was incorrect. The representative asked Plaintiff to fax Household a copy of his contract, and told him Household would get back to him in three weeks.

15.     Plaintiff faxed Household a copy of his contract immediately and waited three weeks, but never received a response from Household. He then began to call customer service again. He called numerous times trying to resolve this situation, and finally was told to mail Household a copy of his contract.

16.     Plaintiff still did not receive a response from Household, notwithstanding Plaintiff's efforts to follow up with them.

17.     Finally, on or about February 5, 2004, Household faxed Plaintiff a copy of the Retail Installment Contract it had on file.

18.     This RIC reduced the cash price of the vehicle to $18,150.00, from the $20,324.30 stated on the original RIC; the amount financed was correspondingly reduced from $19,356.87 to $17,983.55. More significantly, however, the interest rate on this new contract was increased to 20.9%, from the 14.99% Plaintiff had originally agreed to.

19.     The nearly 6 percentage point increase in the interest rate on Plaintiff's car loan means that Plaintiff will be paying approximately $2000 more in additional finance charges over the course of

the loan.

20.     Plaintiff never signed this new RIC, nor did he agree to its terms. Indeed, Plaintiff never saw this RIC until he received the copy Household faxed to him on February 5, 2004.

## COUNT I
### *Violation of the Equal Credit Opportunity Act against Golf Mill Ford*

21.     Plaintiff realleges and incorporates paragraphs 1-20 of the complaint into this count.

22.     Defendant, Golf Mill Ford, is a "creditor," as that term is defined by the ECOA.

23.     Plaintiff requested an extension of credit from Golf Mill Ford to buy the 2001 Jimmy on the terms agreed to and specified in the original contract he signed on April 21, 2003. These terms are set forth above, in paragraph 8 and 9 of the complaint.

24.     Defendant denied credit to Plaintiff on the terms requested.

25.     Alternatively, Golf Mill Ford revoked that credit when it cancelled the credit contract.

26.     Defendant took adverse credit action against Plaintiff and failed to notify him in writing of both the adverse action itself and the specific reasons thereafter, as required by the ECOA.

27.     By failing to notify Plaintiff in writing about the adverse credit action, Defendant violated Section 1691(d) of the Equal Credit Opportunity Act and is liable to Plaintiff under Section 1691e.

WHEREFORE, Plaintiff, Nicholas Anderson, respectfully requests that this Court enter judgment in his favor and against Defendant, Golf Mill Ford, and award:

(A)     Actual damages, pursuant to 15 U.S.C. § 1691e(a), in an amount to be proven at trial;

(B)     Punitive damages, pursuant to 15 U.S.C. § 1691e(b), in an amount sufficient to punish and deter Golf Mill Ford and deter other similarly-situated automobile dealers from conducting themselves in the manner described in this count;

(C)     Equitable and declaratory relief pursuant to 15 U.S.C. § 1691e(c);

(D)     Costs and attorney fees, pursuant to 15 U.S.C.§ 1691e(d); and

(E)     Any other relief the Court deems just and appropriate.

## COUNT II
### *Violation of Fair Credit Reporting Act against Golf Mill Ford*

28.     Plaintiff realleges and incorporates paragraphs 1-20 of the complaint into this count.

29.     On information and belief, Golf Mill Ford took adverse action against Mr. Anderson based on information contained in his credit report.

30.     Golf Mill Ford never provided the disclosure required by 15 U.S.C. § 1681m.

31.     Golf Mill Ford willfully failed to comply with 15 U.S.C. § 1681m.

32.     Mr. Anderson suffered damages as a result of Golf Mill Ford's conduct in that he was deprived of valuable economic information; deprived of his rights to this information under the FCRA; and suffered emotional distress, including but not limited to aggravation and confusion.

WHEREFORE, Plaintiff, Nicholas Anderson, respectfully requests that this Court enter judgment in his favor and against Defendant, Golf Mill Ford, and award:

(A)     Any actual damages proved at trial or damages in an amount not less than $100 and not more than $1,000, under 15 U.S.C. § 1681n;

(B)     Punitive damages, under 15 U.S.C. § 1681n in an amount as the Court may allow;

(C)     Costs and attorney fees, under 15 U.S.C. § 1681n; and

(D)     Any other relief the Court deems just and appropriate.

## COUNT III
### *Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 against both Defendants*

33.   Plaintiff realleges and incorporates paragraphs 1-20 of the complaint into this count.

34.   The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, defines an unfair or deceptive practice as

> including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with the intent that the others rely upon the concealment, suppression or omission of such material fact...in the conduct of any trade or commerce.... 815 ILCS 505/2.

35.   Defendant Golf Mill Ford engaged in a deceptive act when its agents falsely represented to Plaintiff on April 21, 2003 that he was financed at a 14.99% APR for the purchase of the Jimmy.

36.   This false representation was intended to induce, and did induce Plaintiff to take possession of the Jimmy before financing had been arranged.

37.   Had Plaintiff known that he had not been financed at 14.99%, and that Golf Mill Ford would unilaterally increase his APR to 20.9% in order to make the contract more attractive to a potential financing source and moreover, forge Plaintiff's signature thereto, he would have never taken possession of the vehicle.

38.   Moreover, had Plaintiff known that if Golf Mill Ford could not obtain financing for him at 14.99%, and that it would unilaterally raise the interest rate on a forged RIC, he would have never signed the contract in the first place.

39.   In addition, Defendant engaged in a deceptive and unfair practice when, through its agent, it signed the name of Plaintiff on a second contract at a higher interest rate. Plaintiff never saw,

much less signed, this second contract.

40.     This conduct is unfair because it is immoral, unscrupulous, and unethical.

41.     Moreover, this conduct violates public policy as embodied in Illinois criminal law. This conduct amounts to a forgery and is a Class 3 felony under Illinois law.[1] As such, there is a strong public policy against the practice of forgery. Golf Mill Ford's conduct violated this public policy.

42.     Golf Mill Ford also committed an unfair practice known as "spot delivery".

43.     Spot delivery is a practice in which a car dealer executes a sale and delivers the car before any financing has been provided to the consumer.

44.     Golf Mill Ford performed a spot delivery on April 21, 2003 when it executed a retail installment contract and gave possession of the Jimmy to Plaintiff, without first obtaining financing for him.

45.     Golf Mill Ford's spot delivery was an unfair practice because the transaction involved the violation of the state and federal statutes, such as the Truth in Lending Act, and offended public policy as established by these and other consumer protection statutes.

46.     Golf Mill Ford's spot delivery was also a deceptive practice because it caused Plaintiff to be confused as to: (1) his rights of possession to the vehicle; (2) his potential and/or actual contractual obligation(s); and (3) the status of ownership and title to the vehicle.

47.     Household contributed to this fraud when Plaintiff spoke to them on several occasions as referenced in paragraphs 14-17.

48.     Furthermore, Household is liable as the holder of the Plaintiff's consumer credit

---

[1] See 720 ILCS 5/17-3.

contract, because they took the contract subject to claims the Plaintiffs could assert against the dealership.

49.    The above-described unfair conduct violates the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

50.    Defendants committed these violations with evil motive or reckless disregard for the rights of others, and these violations caused public injury.

51.    Plaintiff suffered actual damages as a proximate result of Defendants' violation of 815 ILCS 505/2.

WHEREFORE, Plaintiff, Nicholas Anderson, respectfully requests that this Court enter judgment in his favor and against Defendants, Golf Mill Ford and Household and award:

      (A)    Actual damages pursuant to 815 ILCS 505/10a(a) in an amount to be determined at trial;

      (B)    Punitive damages;

      (C)    Attorney fees and costs pursuant to 815 ILCS 505/10a(c);

## COUNT IV
### *Violations of the Illinois Consumer Fraud and*
### *Deceptive Business Practices Act, 815 ILCS 505/2C against Golf Mill Ford*

52.    Plaintiff realleges and incorporates paragraphs 1-20 of the complaint into this count.

53.    On April 21, 2003, Golf Mill Ford represented to Plaintiff that he had been financed for the purchase of his 2001 Jimmy at 14.99%, and that his monthly car payment would be $463.04 a month.

54.    These statements were misrepresentations, because no financing on these terms had been obtained for Plaintiff on April 21, 2003.

55.     Plaintiff relied on these misrepresentations, in that he tendered to Golf Mill Ford a down payment, believing all the while that he had been financed on the terms disclosed to him.

56.     Moreover, the furnishing of the 2001 Jimmy to Plaintiff was conditioned on the Plaintiff having an acceptable credit rating.

57.     Plaintiff's application for credit on the terms requested was rejected.

58.     After Plaintiff's credit application to purchase the vehicle was rejected, Golf Mill Ford failed to return his trade-in vehicle and downpayment.

59.     Golf Mill Ford had a self-executing duty to return the trade-in vehicle and downpayment to Plaintiff after his application for credit was rejected under 815 ILCS 505/2C.

60.     Rather than comply with the law and return Plaintiff's trade-in, Golf Mill Ford forged Plaintiff's name to another, higher cost credit contract and assigned it, unbeknownst to Plaintiff, to Household.

61.     Defendant committed this violation with evil motive or reckless disregard for the rights of others, and these violations caused public injury.

62.     Plaintiff suffered actual damages as a proximate result of Golf Mill Ford's violation of 815 ILCS 505/2C.

WHEREFORE, Plaintiff, Nicholas Anderson, respectfully requests that this Court enter judgment in his favor and against Defendants, Golf Mill Ford and award:

        (A)     Actual damages pursuant to 815 ILCS 505/10a(a) in an amount to be determined at trial;

        (B)     Punitive damages;

        (C)     Attorney fees and costs pursuant to 815 ILCS 505/10a(c);

(D)     Any other relief the court deems just and appropriate.

                                    Respectfully submitted,
                                    Nicholas Anderson, Plaintiff
                          By: _____
                                    One of His Attorneys

Christopher Langone
Craig Frisch
Jeffrey Naffziger
The Langone Law Firm
25 E. Washington, Suite 1805
Chicago, Illinois 60602
(312) 782-2000

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

JUDGE GETTLEMAN

04C 3730

# Civil Cover Sheet

MAGISTRATE JUDGE BOBRICK

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

DOCKETED
JUN 0 1 2004

FILED-ED4
04 MAY 28 PM 4:41
CLERK
U.S. DISTRICT COURT

**Plaintiff(s):** NICHOLAS ANDERSON

County of Residence: COOK

Plaintiff's Atty:   LANGONE LAW FIRM
25 E. WASHINGTON, SUITE 1805
CHICAGO, IL 60602
312-782-2000

**Defendant(s):** GOLF MILL FORD, INC. and HOUSEHOLD AUTOMOTIVE FINANCE CORPORATION

County of Residence:

Defendant's Atty:

II. Basis of Jurisdiction:          **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal
Parties (Diversity Cases Only)
                    Plaintiff:- **N/A**
                    Defendant:- **N/A**

IV. Origin :                        **1. Original Proceeding**

V. Nature of Suit:                  **890 Other Statutory Actions**

VI. Cause of Action:                **EQUAL CREDIT OPPORTUNITY ACT**

VII. Requested in Complaint
            Class Action: **No**
        Dollar Demand:
        Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: _____ 5/29/04 _____

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.

JUDGE GETTLEMAN

MAGISTRATE JUDGE BOBRICK

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

04C 3730

In the Matter of

Nicholas Anderson

v.

Golf Mill Ford, Inc, and Household Automotive
Finance Corporation

Case Number:

FILED-ED4
04 MAY 28 PM 4:14
CLERK U.S. DISTRICT COURT

DOCKETED
JUN 0 1 2004

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR
Plaintiff

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME CHRISTOPHER LANGONE | NAME CRAIG FRISCH |
| FIRM LANGONE LAW FIRM | FIRM LANGONE LAW FIRM |
| STREET ADDRESS 25 E. WASHINGTON, SUITE 1805 | STREET ADDRESS 25 E. WASHINGTON, SUITE 1805 |
| CITY/STATE/ZIP CHICAGO, IL 60602 | CITY/STATE/ZIP CHICAGO, IL 60602 |
| TELEPHONE NUMBER 312-782-2000 / FAX NUMBER 312-782-2022 | TELEPHONE NUMBER 312-782-2000 / FAX NUMBER 312-782-2022 |
| E-MAIL ADDRESS CLANGONE@LANGONELAW.COM | E-MAIL ADDRESS CFRISCH@LANGONELAW.COM |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6211105 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6274957 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☑ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☑ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME JEFFREY NAFFZIGER | NAME |
| FIRM LANGONE LAW FIRM | FIRM |
| STREET ADDRESS 25 E. WASHINGTON, SUITE 1805 | STREET ADDRESS |
| CITY/STATE/ZIP CHICAGO, IL 60602 | CITY/STATE/ZIP |
| TELEPHONE NUMBER 312-782-2000 / FAX NUMBER 312-782-2022 | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS JNAFFZIGER@LANGONELAW.COM | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6275581 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |